## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## NATIONAL FIXTURES, INC., Respondent.

No. 77–3055
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 14, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, Michael Nicholson, Robert Sewell, Supervisor, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Charles Moore, pro se.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

The National Labor Relations Board, adopting the administrative law judge's conclusions, found that National Fixtures, Inc. responded to a union organizing campaign by threatening its employees with plant closure and force reduction and by coercively questioning employees concerning union activities in violation of Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). The Board also found that the company discriminatorily terminated six employees because of their union activity in violation of Sections 8(a)(1) and 8(a)(3) of the Act, 29 U.S.C. §§ 158(a)(1), 158(a)(3). The Board ordered that the company cease its unlawful practices and remedy the consequences of its previous conduct. The Board now petitions for enforcement of that order.

■ The Board's findings must be sustained if they are supported by substantial evidence on the record considered as a whole. *See Universal Camera Corp. v. N. L. R. B.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Mueller Brass Co. v. N. L. R. B.,* 5 Cir., 1977, 544 F.2d 815. In addition, the credibility resolutions of the administrative law judge and the Board are "entitled to

affirmance unless [they are] inherently unreasonable or self-contradictory." *N. L. R. B. v. Standard Forge & Axle Co.,* 5 Cir., 1969, 420 F.2d 508, 510, *cert. denied,* 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 140 (1970). Under these standards we conclude that the record clearly supports the Board's finding violations of Sections 8(a)(1) and 8(a)(3) of the Act. Accordingly, we enforce the Board's order.

■ The record contains various instances in which employees were threatened concerning union activity. Cecil Welch testified that after questioning Welch about the union, Charles Moore, president and owner of National Fixtures, Inc., told him that "There ain't no goddamned union coming in here. I'll shut the doors first." Similarly Moore told Thomas Mitchell that Moore did not want a union and that he would cut the plant back to three or four workers to keep the union out. Sally Moore, the secretary-treasurer of the company, phoned Ricky Ramsey and inquired if he knew who was organizing the union. These conversations could reasonably be construed as threatening the workers for union activity.

■ The discharge of the six discriminatees in this case can also be found to violate the Act since the record indicates that the discharges were related to formation of a union. Although the Kitchens had been asked to work Saturday, Charles Moore made an unprecedented trip to their home Friday evening and fired them without explanation. Willie and Delores Kitchens were discharged only a few hours after the Moores discovered that a union was being organized and that the Kitchens were the principal organizers. The other four workers, all involved in the union organizational drive, were fired the following Monday. While Charles Moore attempted to give business reasons for the discharges, prior to his discovery of the union organizational campaign he had neither indicated any dissatisfaction with these employees' performance nor mentioned any layoffs as a result of lack of business. The administrative law judge explicitly found that Charles Moore was "not a candid witness and that [his] testimony in significant respects was equivocal and not reliable."

Finally, we find no prejudice in the administrative law judge's failure to sequester Board witnesses who were also discriminatees. While allowing the discrimination to remain has been criticized in other circuits, see *N. L. R. B. v. Stark,* 2 Cir., 1975, 525 F.2d 422, *cert. denied,* 424 U.S. 967, 96 S.Ct. 1463, 47 L.Ed.2d 734 (1976), it is unnecessary for us to decide if Federal Rule of Evidence 615 was misapplied here since in this case the company was not prejudiced. *See Sturgis Newport Business Forms, Inc. v. N. L. R. B.,* 5 Cir., 1977, 563 F.2d 1252, 1258. Many of the facts such as the discharges occurring in close proximity to the union activity are not in dispute. Moreover, the presence of the discriminatees during the testimony of other witnesses would not have affected their testimony since the employees' testimony concerned events at which none of the other discriminatees were present. The company has cited no example of testimony by discriminatees that relates to a shared event that was critical to the finding of a violation.

ENFORCED.