**Raymond CASTILLO,**
**Plaintiff–Appellant,**

v.

**ARMY & AIR FORCE EXCHANGE SERVICE, an Instrumentality of the Departments of the Army and the Air Force, Defendant–Appellee.**

No. 87–1673
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 15, 1988.

Robert B. Wales, El Paso, Tex., for plaintiff-appellant.

Mark M. Greenberg, Asst. U.S. Atty., El Paso, Tex., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Appellant Raymond Castillo was employed by the Army & Air Force Exchange

Service (AAFES) as retail operations manager of the Phillippines Area Exchange at Clark Air Base in the Republic of the Phillippines. The AAFES is a non-appropriated government agency within the Department of Defense.

Military regulations provide for compensation for military affiliated personnel who non-negligently sustain property loss while serving overseas. In August of 1980, Castillo filed a claim for property loss with the AAFES. In this claim, Castillo stated that when he returned to his off-base quarters on June 30, 1980, he found that his house had been broken into and appliances, consisting of an air conditioner, an electric washer, and a gas oven had been stolen. Castillo further stated that the burglars had apparently gained entry by prying open a lock on a side door. The Exchange Service paid Castillo's claim in the amount of $1,553.00.

By letter dated September 24, 1981, Castillo was given advance notice of separation from AAFES. The notice advised Castillo that his employment would be terminated for cause for: (a) presenting a false claim for reimbursement to the United States, (b) falsely representing on a United States government form that Castillo's home had been burglarized when Castillo knew that no burglary had taken place, and (c) selling tax-free appliances to unauthorized persons. Castillo denied the allegations of the notice and challenged his separation for cause. After an investigation by the Office of Special Investigations (OSI), Castillo was separated from the AAFES.

Castillo appealed his separation, and pursuant to AAFES procedure an evidentiary hearing was held. At this hearing, AAFES warehouseman Tony Galang testified that in May 1980 Castillo showed him the stove, dryer, washer, and air conditioner, asking Galang if he knew of someone interested in buying them. Galang referred Eufracia Pantig, a local appliance dealer, to Castillo. Galang was present when Pantig agreed to purchase the appliances for $1,200. In mid-May, Galang helped several other individuals remove the appliances from Castillo's home and load them into Pantig's

truck. Galang stated that he observed Pantig pay Castillo for the appliances. Castillo's housekeeper, Edna Huet, testified that she saw the appliances removed while Castillo was in the house. One of the individuals who was present told Huet that she purchased the appliances from Castillo. Castillo denied filing a false loss of property claim and denied selling the tax-free appliances to unauthorized persons.

The hearing officer credited the testimony of Huet and Galang, concluding that Castillo's reimbursement claim was false and that Castillo sold tax-free goods to an unauthorized person. The AAFES Commander confirmed Castillo's separation for cause.

Castillo petitioned the Commander to reconsider his separation. Castillo claimed that newly discovered evidence showed that the officer who filed the initial allegations against Castillo bribed Huet and Galang to provide false testimony. Because of the gravity of Castillo's assertions, the Commander reopened the investigation and ordered that OSI investigate Castillo's allegations. Later, the Commander determined that there was no basis for any of Castillo's allegations and confirmed his separation.

In this action filed pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, Castillo contends that his separation from service was not supported by substantial evidence and was without the procedures required by law. He seeks reinstatement.

The Government moved for summary judgment. The district court held that the administrative record showed that Castillo's separation was supported by substantial evidence and that he was afforded the procedures required by law. The district court granted the Government's motion for summary judgment and Castillo's complaint was dismissed. Castillo filed a timely notice of appeal. *See* Fed.R.App.P. 4(a).

■ A discharged federal service exchange employee may challenge his dismissal through the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq. Young v. United States*, 498 F.2d 1211, 1218–22

(5th Cir.1974). The APA provides that the reviewing court may set aside agency action, findings and conclusions found to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> .    .    .    .    .
>
> (D) without observance of procedure required by law;
>
> ... [or]
>
> (E) unsupported by substantial evidence in a case subject to Sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute.

5 U.S.C. § 706(2).

*Adequate Notice*

It is arbitrary, and thus contrary to the APA, for an agency to depart from its own procedures without sufficient reason. *See Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). Castillo contends that the AAFES failed to comply with Exchange Service Policy, which provides that an advance notice of separation will:

> [s]tate in detail the facts supporting [the basis for the separation] with sufficient information (such as dates, places, events, names, etc.) to ensure that the employee understands the reasons for the proposed action and to give him a fair opportunity to respond.

Air Force Regulation No. 147–15, Exchange Service Personnel Policies § 3–14(b)(2) (15 December 1980). Castillo contends that the advance notice of separation was too vague to give him a fair opportunity to respond to the allegations.

We have written that "[w]e will consider an issue raised for the first time on appeal only if the issue is purely a legal issue and if consideration is necessary to avoid a miscarriage of justice." *In re Goff*, 812 F.2d 931, 933 (5th Cir.1987). Although the district court stated that Castillo had adequate notice of the reasons for his separation, Castillo failed to raise this particular issue in the district court, and thus it is doubtful that the issue was preserved for appeal. In any event, the issue is spurious.

The advance notice of separation states that Castillo would be separated from service for: (a) presenting a false claim on August 6, 1980, to the United States in the amount of $1,610, for the alleged theft of Castillo's air conditioner, dryer, washing machine and gas stove, (b) falsely reporting that his quarters had been burglarized on the night of June 28–29, 1980, and that the previously specified appliances had been stolen, when in fact no burglary had occurred, and (c) during May or June 1980, Castillo sold the previously specified tax-free appliances to an unauthorized person. The notice states the reasons for the adverse action and afforded Castillo a fair opportunity to respond.

■ Castillo construes the AAFES policy to require that management disclose in the advance notice *all* facts in support of the allegations, such as the names of witnesses, the dates of each fraudulent transaction, etc. A fair reading of the policy does not support Castillo's interpretation.

*Contested Fact Issues*

Castillo next contends that summary judgment was inappropriate because: there are contested issues of material fact; the record shows that the officer who brought the allegations against Castillo paid the primary witnesses for their testimony; and the testimony of the primary witnesses was not credible. These are all different ways of saying the same thing, that Castillo's separation was not supported by substantial evidence.

Castillo asserts that there are contested issues of material fact concerning whether Castillo was "framed" and whether the witnesses were paid for their testimony. In *Bank of Commerce of Laredo v. City National Bank of Laredo*, 484 F.2d 284, 289 (5th Cir.1973) (citations omitted), we stated:

> [W]hen a plaintiff who has no right to a trial *de novo* brings an action to review an administrative record which is before the reviewing court, "the case is ripe for summary disposition, for whether the order is supported by sufficient evidence, under the applicable statutory standard,

or is otherwise legally assailable, involve matters of law." The appropriate legal standard for conducting such review is that established by the legislation authorizing the agency action and the appurtenant provisions of the Administrative Procedure Act.

Thus, the question in the present case is not whether there are contested fact questions in the underlying administrative record, but rather the legal question whether the agency action was arbitrary and capricious or not supported by substantial evidence.

### Evidentiary Sufficiency

■ It is not clear whether the evidence at Castillo's hearing is subject to review under the "substantial evidence" test of APA § 706(2)(E) or the more deferential "arbitrary and capricious" standard of § 706(2)(A).[1] This standard-of-review problem is immaterial in the present case, however, because the evidence is sufficient to satisfy either standard.

■ At the evidentiary hearing Castillo's housekeeper, Edna Huet, and AAFES warehouseman, Tony Galang, testified that they saw the appliances removed from Castillo's home, with Castillo's permission, and that the appliances were sold to a local appliance dealer. Castillo denied that he filed a false loss of property report and denied selling the tax-free appliances to an unauthorized person. Castillo claimed that the officer who brought the original allegations against Castillo was out to get Castillo and have him "framed." Castillo stated that he and his accuser did not agree on personnel matters but was unable to state why this would motivate him to have Castillo unjustly prosecuted.

The hearing officer credited the testimony of Huet and Galang, and we must defer to that credibility determination. See

*NLRB v. National Fixtures, Inc.,* 574 F.2d 1305, 1306 (5th Cir.1978). The testimony of Huet and Galang provided a sufficient basis for the Commander's determination that Castillo had filed a false claim.

### Denial of Rehearing

■ Castillo petitioned the Commander to reopen Castillo's case. In support of this request, Castillo presented the affidavit of AAFES employee David Anderson, stating that he believed the accusing officer pressured or paid Tony Galang to testify falsely against Castillo. Castillo also presented the affidavit of AAFES employee Romeo Turla which stated that the accuser instructed the witnesses how they were to testify and provided Huet and Galang with money and on-base housing in exchange for their testimony. In addition, Castillo submitted the affidavit of Orlando Victoria, who stated that he observed an American Lt. Colonel (the accuser's rank) hand money to Galang. Finally, Castillo presented results of his polygraph examination.

The Commander ordered that OSI investigate Castillo's allegations. The OSI investigation disclosed that Huet and Galang advised the accusing officer that they had been threatened. It is not clear whether the threats were real, imagined or fabricated; however, the officer also provided both Huet and Galang with base housing for their protection. He also provided Huet and Galang with money to purchase food and tried to place them in on-base jobs. Huet and Galang denied that any of this assistance influenced their testimony. The Commander, finding that the accusing officer's actions were not improper and did not affect the witnesses' testimony, confirmed Castillo's separation.

The Commander fully investigated Castillo's allegations of bribery and undue in-

---

**1.** The "substantial evidence" test of § 706(2)(E) generally applies where a formal administrative hearing is *statutorily* required. *See Ringquist v. Hampton,* 582 F.2d 1138, 1139–40 (7th Cir.1978). Where an informal hearing is held or required but not pursuant to statute, the appropriate standard is the "arbitrary and capricious" test of § 706(2)(A). *Id.* In the present case a hearing

was required pursuant to Air Force Regulation, not pursuant to a particular statute; thus the appropriate standard appears to be the "arbitrary and capricious" test of § 706(2)(A). *See contra, Hostetter v. United States,* 739 F.2d 983, 986 (4th Cir.1984) (applying "substantial evidence" test to review former AAFES employee's wrongful termination action under APA).

**204**

fluence and found they were without merit. The denial of Castillo's petition for rehearing was not arbitrary or capricious.

*Severity of Penalty*

Castillo finally contends that separation is disproportionate to the offense because Castillo had twenty-two years of "unblemished" service with AAFES and excellent performance ratings, as well as over 2,000 hours of accumulated sick leave. The argument is without merit.

■ The choice of penalty for employee misconduct is left to the agency's sound discretion. The agency's choice will not be disturbed unless the severity of its action appears totally unwarranted in light of the relevant factors. *DeWitt v. Department of the Navy*, 747 F.2d 1442, 1444–45 (Fed. Cir.1984). The AAFES regulations provide that an employee may be dismissed for cause if other disciplinary actions are inappropriate and "[t]he act of misconduct is of such a nature ... that retention of the employee in any capacity is determined to be incompatible with the best interest of AAFES." Air Force Regulation No. 147–15, Exchange Service Personnel Policies § 3–8(2) (15 December 1980). The Commander determined that Castillo's employment was incompatible with the best interests of AAFES. Because of the seriousness of the offense, Castillo's separation was not an abuse of discretion: to the contrary, to continue to maintain in a managerial position an employee who has deceitfully betrayed his trust and falsely accused others in an attempt to conceal his own misdeeds would have been reckless and foolish.

AFFIRMED.