PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/3/96**                    TENH CIRCUIT

---

LODGE TOWER CONDOMINIUM           )
ASSOCIATION, TOWN OF VAIL,        )
                                  )
    Plaintiffs-Appellants,       )
                                  )
v.                                )          No. 95-1223
                                  )
LODGE PROPERTIES, INC., WESTERN   )
LAND EXCHANGE COMPANY,            )
CLAYTON YEUTTER, Secretary, U.S.  )
Department of Agriculture; F. DALE )
ROBERTSON, Chief, U.S. Forest Service; )
GARY CARGILL, Regional Forester; NEIL F. )
MORCK, State Director, Bureau of Land )
Management; DELOS CY JAMISON, Director )
of Bureau of Land Management; MANUAL )
LUJAN, Secretary, U.S. Department of the )
Interior,                         )
                                  )
    Defendants-Appellees.        )

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 89-N-1098)

---

Charles B. White, (Christopher J. Melcher, Brownstein, Hyatt, Farber & Strickland, Denver, Colorado, with him on the brief), Petros & White, Denver, Colorado, for Plaintiffs-Appellants.

James S. Bailey, Jr., (Randall M. Livingston with him on the brief), Bailey, Harring & Peterson, Denver, Colorado, for private Defendant-Appellees.

Jacques B. Gelin, (Lois J. Schiffer, Assistant Attorney General, Albert M. Ferlo, Jr.,

Attorney, Department of Justice, Washington, D.C., Henry J. Solano, United States Attorney, William R. Lucero, Assistant United States Attorney, Denver, Colorado, with him on the brief), Attorney, Department of Justice, Washington, D.C., for federal Defendants-Appellees.

---

Before BALDOCK, LOGAN, and BRISCOE, Circuit Judges.

---

BALDOCK, Circuit Judge.

---

Plaintiffs Lodge Tower Condominium Association and the Town of Vail, Colorado appeal a district court order rejecting their administrative challenges to a decision by the United States Forest Service to exchange federal land located in Vail for private land located in a wilderness area. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Section 1716 of the Federal Land Policy and Management Act ("FLPMA") authorizes the Department of Interior and the Forest Service to exchange public lands for private lands if "the public interest will be well served by making that exchange." 43 U.S.C. § 1716(a). Pursuant to this statute, the Forest Service agreed to exchange a two-acre parcel of federal land--administered by the Forest Service but located within the boundaries of the Town of Vail--for a 385-acre parcel of privately-owned land located within the Eagles Nest Wilderness Area. The exchange proponent--Lodge Properties, Inc.--proposed building an hotel expansion on the two-acre parcel. Western Land Exchange Company assisted Lodge Properties, Inc. in the administrative proceedings

prior to the exchange.

Lodge Tower Condominium Association, an unincorporated association of owners of condominiums constructed on land adjacent to the two-acre parcel, and the Town of Vail opposed the exchange at the administrative level. After the Forest Service rejected Plaintiffs' objections and approved the exchange, the Bureau of Land Management issued a patent to the two-acre parcel to Lodge Properties, Inc.

Plaintiffs filed a complaint in the district court seeking judicial review under § 706 of the Administrative Procedure Act ("APA"), of the agency proceedings which culminated in the land exchange. See 5 U.S.C. § 706. Plaintiffs named as defendants federal officials who made the administrative decisions which led to the issuance of the patent to the two-acre parcel. Plaintiffs also named the private exchange proponents as defendants. Plaintiffs contended that the district court should set aside the exchange because it violated FLPMA and the National Environmental Policy Act ("NEPA"). The district court reviewed Plaintiffs' contentions under the standards governing judicial review of agency action set forth in § 706 of the APA and concluded that there was "no basis for setting aside any agency action in this case." Lodge Tower Condominium Ass'n v. Lodge Properties, Inc., 880 F. Supp. 1370, 1387 (D. Colo. 1995). Consequently, the district court dismissed Plaintiffs' case.

On appeal, Plaintiffs contend the district court erred in dismissing their complaint because the exchange was arbitrary, capricious, and contrary to law. Specifically,

3

Plaintiffs argue: (1) the exchange was not in the public interest as required under FLPMA, 43 U.S.C. § 1716(a); (2) the exchange violated NEPA because it was premised on an inadequate environmental assessment; and (3) the Forest Service and the Bureau of Land Management violated regulations governing administrative stays and issued the patent to the two-acre parcel in violation of an administrative stay. Plaintiffs request this court to reverse the district court, rescind the patent to the property, order the Forest Service to quitclaim the wilderness property back to the private owner, and remand the case to the agency for further proceedings under FLPMA and NEPA.

We review Plaintiffs' challenges to the land exchange under the deferential standard set forth in the APA: "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Review under § 706(2)(A) is narrow, and the agency need only demonstrate that it considered relevant factors and alternatives after a full ventilation of issues and that the choice it made was reasonable based on that consideration." Mount Evans Co. v. Madigan, 14 F.3d 1444, 1453 (10th Cir. 1994).

We have considered the district court's order, the briefs of the parties, the parties' oral arguments, and reviewed the entire record on appeal. After examining the applicable law and applying the deferential standards governing judicial review of agency action set forth in § 706(2)(A) of the APA, we find no reversible error and affirm.

4

AFFIRMED.